MAHLON W. PARSONS, JR., RELATOR, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATION, AND MEYER C. ELLENSTEIN, DIRECTOR OF THE DEPARTMENT OF PUBLIC AFFAIRS OF THE CITY OF NEWARK, RESPONDENTS.

Argued May 3, 1938—Decided August 16, 1938.

Before Justices CASE, DONGES and PORTER.

For the relator, *Ernest L. Quackenbush* (*T. McCurdy Marsh,* of counsel).

For the respondents, *James F. X. O'Brien* (*Thomas M. Kane,* of counsel).

The opinion of the court was delivered by

PORTER, J. A rule to show cause is before us why a writ of *mandamus* should not issue directing the city of Newark to comply with an order of the Civil Service Commission to place Mahlon W. Parsons, Jr., the relator, in the position in the department of public affairs now held by Herbert Simon at a salary of $4,800 per year.

The facts are: That the city of Newark is subject to the provisions of the Civil Service act. Mahlon W. Parsons, Jr., the relator, is one of the engineers employed in' the department of public affairs of the city and in the competitive division of the civil service. Relator was appointed an assistant engineer in that department on April 1st, 1921, and has been promoted several times to higher ranks and has had several increases in salary. On October 16th, 1928, he was promoted to the position of engineer in charge at a salary of $5,200 per year. For reasons of economy his salary was reduced to $3,300 per year on July 1st, 1933, and on September 1st, 1934, he was laid off. Following that he applied to the Civil Service Commission for an order of reinstatement which was granted. On May 1st, 1935, the city of Newark reinstated him in the position of principal assistant engineer, a grade lower than engineer in charge, and his salary was fixed at $4,000 per year. The reduction in grade was due to the fact that no vacancy then existed in the position of engineer in charge. The reductions in grade and salary were not due to any misconduct on the part of relator, he being entitled to full seniority rights and a preference in the event that an opening occurred in a higher position or rank in that department.

On April 22d, 1936, the board of commissioners of the city passed resolutions promoting John S. Flockhart from assistant engineer to principal assistant engineer at a salary of $4,500 a year and promoting Herbert Simon from assistant engineer to principal assistant engineer at a salary of $4,800 a year. At that date the relator was holding the position of principal assistant engineer at a salary of $4,000 a year with preferential rights, and both Flockhart and Simon held lower graded positions and were his juniors in point of service.

On May 9th, 1936, relator protested this action of the board of commissioners to the Civil Service Commission. On May 25th, 1937, the commission issued an order requiring that the city recognize the seniority rights of the relator and grant him the first opportunity to demonstrate his capacity as principal assistant engineer at a salary of $4,800 a year in the place of said Herbert Simon or as principal assistant engineer at a salary of $4,500 in the place of John S. Flockhart, as he might elect. He elected to take the higher salaried position. The city was advised of the action of the commission and of the election by the relator.

The city protested to the commission of its action and the commission on July 13th, 1937, reaffirmed its order and directed the city to comply therewith. Again on July 22d, 1937, the commission requested the city to comply or to promptly take action to review its order. No action to review has been taken.

The jurisdiction of the Civil Service Commission is not disputed. Nor is the seniority of the relator over both Simon and Flockhart.

We conclude that the relator's rights of seniority were violated when the resolutions of April 22d, 1936, were adopted in promoting Simon and Flockhart to higher positions and salaries than relator had at that time.

The city argues that if the order of the commission is to be given effect it should be from the date of its order, May 25th, 1937. We think not. It should be effective from the date relator's deprivation of the higher grade and salary was wrongfully denied him, April 22d, 1936. It is argued that the promotions effective by the resolutions of April 22d, 1936, were but temporary in duration. The record does not so indicate. Nonetheless, the relator was entitled to rights of seniority whether the positions were for long or short duration.

Nor do we find any merit in the contention that the said order of the commission of May 25th, 1937, was ineffective and void because made in the alternative. The commission was within its rights under the statute in making the order in that manner. Moreover, the city was not harmed by the form of it and cannot be heard to complain.

The order of the Civil Service Commission being a proper one, it having had jurisdiction, and no appeal having been taken to review it, the relator is entitled to have it enforced. A peremptory writ to that end will issue.